IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL PIERCE,<br><br>     Plaintiff,<br><br>  vs.<br><br>CLARE CONNORS, ET AL.,<br><br>     Defendants. | CIV. NO. 21-00351 JMS-KJM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 37, AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, ECF NO. 48 |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 37, AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT, ECF NO. 48

### I. INTRODUCTION

  This Order considers two motions in this suit filed by pro se Plaintiff Samuel Pierce ("Plaintiff" or "Pierce").[1]  The first is a "Motion to Dismiss Plaintiff's Second Amended Complaint" ("Motion to Dismiss"), ECF No. 37, brought by Defendants Clare Connors ("Connors") and David Ige ("Ige"), in their official capacities as Attorney General and Governor of the State of Hawaii, respectively (collectively, "Defendants" or "the State").  The second is a Motion for Leave to File Third Amended Verified Complaint ("Motion to Amend

---

[1] Although pro se, Plaintiff is a licensed attorney.  *See, e.g.*, ECF No. 24 at PageID # 140.

Complaint"), ECF No. 48, brought by Plaintiff. The court decides the Motions without a hearing under Local Rule 7.1(c). Based on the following, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Motion to Amend Complaint is DENIED.

## II. BACKGROUND

**A.    Plaintiff's Original Complaint and Motion for Temporary Restraining Order**

Pierce initiated this action on August 19, 2021 by filing a Complaint challenging the constitutionality of aspects of Hawaii's "Safe Travels," a program which—subject to various exemptions—imposes certain quarantine restrictions on travelers to Hawaii due to the COVID-19 pandemic. ECF No. 1 at PageID ## 2-3. That version of the Complaint alleged four causes of action against Connors (Hawaii's Attorney General) and Ige (Hawaii's Governor): (1) Safe Travels is "preempted by federal law and by U.S. foreign policy," *id.* at PageID # 2; (2) Safe Travels is invalid under the Supremacy Clause of the U.S. Constitution, *id.*; (3) Safe Travels violates the Commerce Clause of the U.S. Constitution, *id.* at PageID # 3; and (4) Safe Travels "infringes on the Constitutional Right to Travel of Citizens of the United States," *id.*

In that Complaint, Plaintiff alleged that he is a United States citizen residing in Japan, *id.* at PageID # 1, who "was fully vaccinated in the United

States," *id.* at PageID # 2.  He claimed that his vaccination status allows him an exemption from Safe Travels' COVID-related quarantine if he is traveling domestically, but "the Hawaii Attorney General continues to refuse to exempt Plaintiff from quarantine after arriving on an international flight." *Id.*  When the Complaint was filed in August 2021, Safe Travels allowed United States citizens residing in Japan to avoid a 10-day quarantine when coming to Hawaii if they were fully vaccinated *and* had obtained a negative "Nucleic Acid Amplification Test (NAAT) from a certified Clinical Laboratory Improvement Amendment (CLIA) lab test results from TRUSTED TESTING AND TRAVEL PARTNERS, and Digital Health Pass Partners AZOVA, CLEAR and Common Pass." ECF No. 37-4 at PageID ## 236-37.[2]  In contrast, Safe Travels allowed a fully-vaccinated

---

[2] Effective November 8, 2021, Hawaii changed Safe Travels for international travelers, and no longer requires travelers from Japan to obtain a negative NAAT COVID test from a "trusted travel partner" to avoid the quarantine requirement.  Rather, now "the State of Hawaii [aligns] with federal international requirements."  Safe Travels Hawaii, https://hawaiicovid19.com/travel/travel-overview/ (last visited Nov. 30, 2021).  Among other differences, those federal requirements accept negative COVID antigen tests, and test providers are not limited to Hawaii's specified "trusted travel partners."  *See id.*; *see also* https://www.cdc.gov/coronavirus/2019-ncov/travelers/testing-international-air-travelers.html (last visited Nov. 30, 2021).  That is, after November 8, 2021, subject to exemptions, "Hawaii's 10-day mandatory self-quarantine will remain in place for *only domestic travel* from the U.S. and its Territories."  Safe Travels Hawaii, https://hawaiicovid19.com/travel (last visited Nov. 30, 2021) (emphasis added).  "[Other than] federal international requirements . . . [t]here will be no additional State of Hawaii requirements for passengers flying directly into Hawaii from an international destination." *Id.*

*domestic* traveler to avoid quarantine without a negative COVID test from a "trusted travel partner." *See id.*

Concurrent with that Complaint, Pierce filed a Motion for Temporary Restraining Order ("TRO") seeking an injunction: (1) "[p]rohibiting Hawaii from distinguishing in any way between arriving international passengers and arriving passengers from the U.S. mainland"; (2) "[p]rohibiting Hawaii from requiring international travelers to comply with any procedures under the Safe Travels [program]"; and (3) "prohibiting operation of Safe Travels." ECF No. 3 at PageID # 16.

**B.    The Amended Complaint and Denial of the Motion for TRO**

On September 7, 2021, however, Pierce filed a "Second Amended Complaint"[3] that formally changed the relief sought in his action. ECF No. 24. In particular, Pierce's Amended Complaint no longer challenges the constitutionality of Safe Travels and no longer seeks to enjoin the program in any particular manner. Rather, the Amended Complaint seeks the following relief: "a declaration

---

[3] Pierce did not file a *first* amended complaint, although he did seek to file "supplemental points and authorities," which he might have considered to be an amended complaint, but the court struck that supplemental filing. *See* ECF Nos. 16, 19. Plaintiff's "Second Amended Complaint" was timely filed under Federal Rule of Civil Procedure 15(a)(1) (allowing a pleading to be amended "once as a matter of course" with certain conditions). This Order refers to the "Second Amended Complaint," ECF No. 24, as the "Amended Complaint." Plaintiff is now seeking to file an actual Second Amended Complaint.

that Samuel Pierce is the lawful holder of property formerly belonging to David Ige, to wit, the present gubernatorial term," and "an order enjoining all People of the State of Hawaii to follow all lawful orders of the lawful governor." ECF No. 24 at PageID # 151.[4] The text of the Amended Complaint does not specify who the Defendants are, but the caption lists Connors and Ige in their official capacities as well as "State of Hawaii (People of)" as Defendants. ECF No. 24 at PageID # 138. Given that indication, the court construes the Amended Complaint as making official capacity claims only.

The Amended Complaint superseded the original Complaint, which "no longer performs any function and is treated thereafter as non-existent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (internal quotation marks omitted). On September 10, 2021, after Pierce filed his Amended Complaint, the

---

[4] Pierce explains why he now seeks a remedy of the award of Hawaii's governorship, rather than challenging aspects of Safe Travels, as he originally sought:

> I thought it would be appropriate for the Court to order Ige and Connors to cease operating the Safe Travels system with respect to international arrivals; because a great amount of time, effort, and money is needed to pursue this relief in federal court some additional award must also be made if I am to have any measure of justice and I would have been happy with Five Thousand Dollars. But the events which have transpired since filing the original complaint demonstrate that this would no longer be justice— indeed, no amount of money and no lawful order of the Court except for one could suffice.

ECF No. 24 at PageID # 143.

court denied the Motion for TRO because there was an insufficient relationship between the Amended Complaint and the relief sought in the Motion for TRO.[5] *See* ECF No. 27 at PageID ## 165-66. A day after that denial, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals, ECF No. 29, which the Ninth Circuit denied on September 17, 2021, ECF No. 35.

The Amended Complaint, in a disjointed and stream-of-consciousness fashion, appears to lay out factual allegations and legal arguments for why Pierce "became entitled to a piece of Ige's property—that is, his gubernatorial term." ECF No. 24 at PageID # 148. The Amended Complaint asserts a single claim for relief alleging that "David Ige, Clare Connors, and all People of the State of Hawaii have engaged in a rebellion which has resulted in retaliation for no good reason consisting of actual imprisonment of U.S. citizens in Japan, among many

---

[5] Elsewhere in the Amended Complaint, Pierce "respectfully request[s] the court on its own motion immediately bring a writ of certiorari with the U.S. Supreme Court before Justice Neil Gorsuch in chambers." ECF No. 24 at PageID # 141. He argues that:

> [t]here is a lawful right for me to bring that writ to a particular justice but the clerk's procedures only allow it in aid of state abuse of people, not the other way around. Uncertainty in who is holding the office of the Hawaii governor cannot be tolerated another day with all the risks to my life and all lives from the complete breakdown of the rule of law in Hawaii which I am equipped to restore pronto.

*Id.* And in a September 9, 2021 declaration, he asked for "a petition for a writ of mandamus to the U.S. Supreme Court directing immediate entry of judgment in favor of the Plaintiff." ECF No. 25 at PageID # 155. The court rejected those requests on September 10, 2021. *See* ECF No. 27 at PageID # 163 n.3.

other harms to foreign relations." *Id.* at PageID # 150.  Pierce then asks this court to declare him to be Hawaii's governor ("the lawful holder of property formerly belonging to David Ige") because of various alleged transgressions, apparently including—but not limited to—implementation of Safe Travels.  *Id.* at PageID # 151.  Pierce argues that this remedy would be proper, in part,

> because the People of Hawaii must learn good government now.  They must allow the Plaintiff to properly lead them.  It is unlikely the result would really conflict with the principle of democratic self-governance by the State Legislature because it seems more likely the State Legislature would also want the Plaintiff to come in as a competent governor and ensure the State Legislature starts to be paid fairly for its service.

*Id.* at PageID # 149.

In particular, the Amended Complaint alleges that Defendants committed other wrongdoings that justify the remedy of an award to Pierce of the governorship.  Pierce alleges that, after he filed suit,

> [i]nstead of any dialogue[,] the State began one of the scariest intimidation campaigns ever seen in the world.  It searched to find out that I am licensed as a lawyer in Maine and with a federal agency (the USPTO) and threatened attorney discipline to deter me from bringing the case.  Then its agents misused state investigative resources and misrepresented in Japanese to my employer a dismissed record of a wrongful arrest along with past civil rights cases I have brought to redress other indifference towards any of my rights.

*Id.* at PageID # 140.  He also alleges that:

> I recently confirmed that Hawaii's COVID testing facilities in Japan pay kickbacks to those associated with state government.  Hawaii forces all travelers to go to a small number of clinics with kickback arrangements—a few needles in the haystack of Japanese medical facilities.  Then travelers to Hawaii have to pay large additional fees above what travelers to the USA gave to pay in order to fund the kickbacks the clinics pay the governor's agents for pieces of paper with Hawaii printed at the top.

*Id.*  And he apparently takes issue with some of Hawaii's or Ige's other pandemic-related responses:

> What David Ige has done to the People of the State of Hawaii is horrible beyond all imagination; among other things the misery visited on persons from Japan who came to the United States has been repeated in perhaps an even more brutal fashion than with respect to Fred Korematsu.  And the opportunity David Ige saw at the end of the summer tourist season in Hawaii to mislead and maintain restrictions like effectively banning all forms of political activity like meeting in a group of 11 for no real public health benefit (Zoom is laughable as a substitute) should make clear David Ige has been no kinder to the people within Hawaii than to people in Japan trying to get there.  There is a reason David Ige does not want anyone to get together or come to Hawaii; to protect the massive corruption in State government from discovery.

*Id.* at PageID # 146.  Given these alleged transgressions, the Amended Complaint alleges:

> The Plaintiff realized that he became entitled to a piece of Ige's property—that is, his gubernatorial term because the remedy must be proportionate to the right and no other remedy could suffice.  This is so obviously fair to everyone involved because it seems highly unlikely that Ige would prefer to remain in a position he cannot successfully execute rather than be replaced with a competent person who would ensure Ige gets his due—because he is not a bad man at all but just unaware of how to execute the laws of Hawaii faithfully Ige should be very well paid for life in view of how much good he can do by stepping aside in favor of the Plaintiff.

*Id.* at PageID ## 148-49.

> Plaintiff then summarizes the relief he seeks:
>
> This Court has absolutely zero power in Japan and cannot guarantee that Japan will ever allow citizens of the United States to travel to Hawaii without meeting the requirements that would effectively became [sic] Japanese requirements and serve only to enrich some medical facilities in Japan with no other real purpose.  How does the Court remedy this awful situation and the fact that Hawaii has spread the worst poison to the world?  There is only one way, to leave it to the discretion of the Plaintiff with all of the rights and responsibilities of David Ige's gubanatorial [sic] term.

*Id.* at PageID # 149.

C. **Defendants' Motion to Dismiss and Plaintiff's Motion for Leave to File "Third Amended Complaint"**

Defendants moved to dismiss the Amended Complaint on September 21, 2021.  ECF No. 37.  Plaintiff filed his Opposition on October 8, 2021, ECF No. 43, and Defendants filed a Reply on October 18, 2021, ECF No. 45.  Plaintiff then—before the court ruled on the Motion to Dismiss—filed his Motion to Amend Complaint on October 24, 2021, ECF No. 48.  The court notified the parties that it would decide both Motions concurrently, ECF No. 49, and on November 1, 2021, Defendants filed their Opposition to the Motion to Amend Complaint, ECF No. 50.  Plaintiff filed his Reply on November 9, 2021, ECF No. 52.

Plaintiff's Motion to Amend Complaint seeks to file a "Third Amended Complaint" (which would actually be a second amended complaint) against the State of Hawaii that "solely involves the State's act of retaliation for filing [this suit, Civ. No. 21-00351 JMS-KJM] and in no way involves the merits of Safe Travels."  ECF No. 48 at PageID # 293.  The proposed amended complaint would allege that, after Plaintiff filed the original complaint, "the State of Hawaii and individuals John Does 1-100, abused state investigative resources to discover [Plaintiff's] employer and uncover derogatory information about [him] with intent to use it to deprive [him] of [his] Constitutional rights."  *Id.*  It would allege that

"the State and John Does 1-100 learned that in 2008 I had been detained in a casino by state authorities in Uncasville, Connecticut." *Id.* And it would allege that although "[u]nder Connecticut law [Plaintiff] was never arrested," "the State and John Does 1-100 between August 20 and September 3, 2021" emailed Plaintiff's boss in Japan and as a result Plaintiff was fired from his job. *Id.*

Given those allegations, Plaintiff seeks leave to allege a single cause of action for damages entitled "Retaliation for Exercise of Civil Right to Bring Lawsuit in Violation of the Fourteenth Amendment and 43 [sic] USC 1983." *Id.* at PageID # 294. He would seek compensatory damages of $800,000 and punitive damages. *Id.*[6]

### III. DISCUSSION

**A.     Motion to Dismiss Amended Complaint**

The court easily concludes that the Amended Complaint fails to state a plausible claim for relief.

---

[6] Although Plaintiff's Amended Complaint and proposed Second Amended Complaint change the relief sought from that in the original Complaint, the amendments otherwise may be allowed under Federal Rule of Civil Procedure 15(d). Rule 15(d) allows "on just terms," "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Rule also "may permit supplementation even though the original pleading is defective in stating a claim or defense." *Id.* Under Rule 15(d), "a plaintiff who employs a supplemental pleading to cure a defective original pleading is not bound by the original theory of relief, but may assert new facts in support of an entirely different legal theory or remedy." 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1505 at 265 (3d ed. 2010). Defendants have not specifically argued that an amendment should not be permitted under Rule 15 because Plaintiff changed his legal theories based on post-filing events.

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Amended Complaint fails to meet those standards.

The Amended Complaint's allegations do not state a valid claim entitling Plaintiff to become Hawaii's governor, even assuming for present purposes only that the Amended Complaint's factual allegations are true—i.e., (1) that Safe Travels unconstitutionally prevented Plaintiff from traveling to Hawaii from Japan and from avoiding a COVID-related quarantine;[7] (2) that a

---

[7] Defendants point out that Safe Travels did not prevent Plaintiff from traveling. Rather, Safe Travels imposes a quarantine requirement based on the COVID-19 pandemic—and Hawaii's quarantine requirements have previously survived constitutional challenges. *See Bannister v. Ige*, 2020 WL 4209225 (D. Haw. July 22, 2020); *Carmichael v. Ige*, 2020 WL 3630738 (D. Haw. July 2, 2020). Moreover, any burdens Safe Travels imposed on a constitutional right-to-travel for *international* travelers would not be measured under a strict scrutiny analysis, but "can be regulated within the bounds of due process." *Eunique v. Powell*, 302 F.3d 971, 973 (9th Cir. 2002). A right to international travel "differs from 'the constitutional right of interstate travel which is virtually unqualified.'" *Id.* (quoting *Haig v. Agee*, 453 U.S. 280, 307 (1981) (internal brackets omitted). *See also Weisshous v. Cuomo*, 512 F. Supp. 3d 379, 392 (E.D.N.Y. 2021) ("[T]he Supreme Court 'has made it plain that the *freedom* to travel outside the United States must be distinguished from the *right* to travel within the United States." (quoting *Haig*, 453 U.S. at 306)). But because Pierce no longer challenges the program (and

(continued . . . )

representative of Hawaii's Attorney General improperly investigated Plaintiff's background and notified his employer in Japan, causing Plaintiff to lose his job; and (3) that the State of Hawaii receives "kickbacks" from "Hawaii's COVID testing facilities in Japan," ECF No. 24 at PageID # 140. Even assuming those allegations are true, there is no plausible claim that "[Defendants] and all People of the State of Hawaii have engaged in a rebellion which has resulted in retaliation for no good reason consisting of actual imprisonment of U.S. citizens in Japan, among other harms to foreign relations." *Id.* at PageID # 150. And even assuming those allegations are true, a federal court lacks the authority to declare that Plaintiff is the "lawful holder" of Ige's "present gubernatorial term." *Id.* at PageID # 151.

Under our system of representative democracy, the states—not the federal government, and not federal courts—determine who their executives (i.e., governors) are, and states do so based on elections, state constitutions, and state laws. *See, e.g.*, U.S. Const. amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) ("[T]he jurisdiction of the federal courts is limited not

---

such a challenge would likely be moot now that Hawaii no longer imposes additional burdens on international travelers), the court need not rule on any aspect of Safe Travels. Any further amendment challenging the program would also likely raise a moot point.

13

only by the provisions of Art. III of the Constitution, but also by Acts of Congress.").

Hawaii is no different. Its governor is elected. *See* Haw. Const. art. V, § 1 ("The governor shall be elected by the qualified voters of [Hawaii] at a general election."). The Hawaii Constitution provides for the governor's succession if there is a vacancy. *See id.*, § 4 ("When the office of governor is vacant, the lieutenant governor shall become governor."). And it has provisions for impeachment. *See id.* ("In the event of the impeachment of the governor . . . the governor shall not exercise the powers of the . . . office until acquitted."); Haw. Const. art. III, § 19 ("The governor . . . may be removed from office upon conviction of impeachment for such causes as may be provided by law. The house of representatives shall have the sole power of impeachment of the governor . . . and the senate the sole power to try such impeachments[.]"). Even if a federal court has authority to declare a violation of federal law, nothing in Hawaii law gives a federal court authority to implement any of these state gubernatorial provisions as a potential remedy for a violation. The notion in the Amended Complaint that this court can declare Pierce to be the lawful governor of Hawaii ("the lawful holder of property formerly belonging to David Ige," ECF No. 24 at PageID # 151) is patently frivolous. Defendants' Motion to Dismiss Amended Complaint is GRANTED.

The only question is whether to grant Plaintiff leave to file a further amended complaint, as ordinarily, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation marks omitted); *see also, e.g.*, *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile). And, in this instance, Plaintiff has already filed a Motion to Amend Complaint, ECF No. 48, seeking to file a version of a proposed Second Amended Complaint.

**B.      Motion to Amend Complaint**

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Nevertheless, "[t]he ability to amend is not without limits." *Sharrott v. Halawa Prison ADA Compliance Team*, 2019 WL 2717768, at *2 (D. Haw. June 28, 2019). The court "balance[s] five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint." *Id.* (citing *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). Moreover, "[f]utility alone can justify the denial of a motion for leave to amend." *Id.* (quoting *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)). "Futility arises

when the amendment is legally insufficient, . . . or where the amended complaint would be subject to dismissal." *Id.* (citations and internal editorial marks omitted).

Plaintiff's Motion to Amend Complaint focuses only on "the State's acts of retaliation for filing . . . suit," ECF No. 48 at PageID # 293. His proposed Second Amended Complaint "no way involves the merits of Safe Travels." *Id.* And he would seek compensatory and punitive damages against the State of Hawaii for losing his job in Japan due to the State allegedly retaliating against him for filing this lawsuit, *id.* at PageID # 294, apparently abandoning his quest for the governorship.

But, even if the court assumes that the State retaliated against Plaintiff, the State (and any state actor in his or her official capacity) cannot be liable for damages under 42 U.S.C. § 1983. *See, e.g.*, *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suit unless the State has waived its immunity." (citation omitted)). And "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Accordingly, it would be futile to allow Plaintiff to file his proposed Second

Amended Complaint, *see, e.g.*, *Nunes*, 375 F.3d at 808, and on that basis Plaintiff's Motion to Amend Complaint is DENIED.[8]

Nevertheless, given that "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Rosati*, 791 F.3d at 1039, the court will allow Plaintiff one final opportunity to attempt to state a valid federal claim based on his allegations of retaliation. Effectively, although the court denies Plaintiff's Motion for Leave to Amend Complaint—and thus disallows the proposed Second Amended Complaint—the court will allow Plaintiff an opportunity to file a different version of a Second Amended Complaint from his proposed (now-denied) version that attempts to cure the identified deficiencies.

Thus, the court's dismissal of Plaintiff's current Amended Complaint, ECF No. 24, is without prejudice. Plaintiff is granted leave to file a Second Amended Complaint by **December 21, 2021** that attempts to cure deficiencies identified in this Order. If he chooses to file a Second Amended Complaint, Plaintiff must comply with the Federal Rules of Civil Procedure and the Local

---

[8] Aside from the proposed complaint's allegations that the State violated his constitutional rights by retaliating against him, it is unclear whether Plaintiff is also seeking to make a § 1983 claim against an unknown state individual in his or her personal capacity. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 27 (1991) (regarding personal capacity claims); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (regarding Doe defendants).

Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, and comply with Rule 8 of the Federal Rules of Civil Procedure. An amended complaint will supersede the preceding complaint. *See, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Complaint, ECF No. 37, is GRANTED. Plaintiff's Motion to Amend Complaint, ECF No. 48, is DENIED. Nevertheless, the dismissal of the Amended Complaint is without prejudice. By **December 21, 2021**, Plaintiff may file a Second Amended Complaint that attempts to cure deficiencies identified in this Order. If a Second Amended Complaint is not filed by December 21, 2021, the court will instruct the

///

///

///

///

///

///

///

18

Clerk of Court to dismiss the action without further notice, and to close the case file.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, November 30, 2021.



       /s/ J. Michael Seabright
       J. Michael Seabright
       Chief United States District Judge

*Pierce v. Connors, et al.*, Civ. No. 21-00351 JMS-KJM, Order Granting Defendants' Motion to Dismiss, ECF No. 37, and Denying Plaintiff's Motion to Amend Complaint, ECF No. 48